**\*\*E-filed 11/14/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVEN J. ZAMORA,

    Plaintiff,

v.

NATIONAL CITY MORTGAGE CO, et al.,

    Defendants.

No. C 11-3703 RS

**ORDER DENYING MOTION TO REMAND**

Pursuant to Civil Local Rule 7-1(b), plaintiff's motion to remand this action has been submitted for decision without oral argument. For the following reasons, the motion will be denied.

1. The original complaint in this action, while making some reference to federal law, contained no claim plainly arising under federal law, and therefore the time period for filing a notice of removal did not begin to run until the filing and service of the Third Amended Complaint, which for the first time did contain such a claim.

2. Plaintiff's contention that defendants National City Mortgage Co. and National City Bank, must separately appear in this action and join in the notice of removal is not tenable. While it is true that the plaintiff has named each of those as separate defendants, and even assuming that either or both of them existed as separate legal entities at the time the events alleged in the complaint took place, PNC Bank, N.A. has appeared herein and filed the notice of removal as, "successor by merger to National City Bank (formerly doing business as National City Mortgage,

erroneously named and served herein as "National City Mortgage Co., National City Bank, PNC Bank) ".  PNC Bank N.A. has thereby represented that it is liable for any acts alleged in the complaint undertaken in the name of "National City Mortgage Co." or "National City Bank" that may be proven to have been wrongful.  The fact that plaintiff has listed a name that never existed as a separate legal entity, and an entity that has since been absorbed by merger into defendant PNC Bank, N.A., does not create a requirement that such presently non-existent entities file separate joinders in the notice of removal.

     3.  The failure of defendants Cal-Western Reconveyance Corporation and RWW Properties to file formal written joinders in PNC Bank's notice of removal until late August of 2011 is of no legal consequence.  In this circuit, the representation of counsel for one party made in a notice of removal that other separately-represented defendants have consented to the removal is sufficient. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).  Plaintiff's argument that *Vishay* does not apply because consent was also required from additional defendants does not alter the fact that PNC Bank's removal notice was sufficient not only as to itself and the former "National City" parties for whom it was appearing, but also as to Cal-Western and RWW Properties.

     4.  PNC Bank was not obligated to obtain the consent of any other parties, because service on them had not been perfected at the time the removal notice was filed on July 27, 2011.  The remaining defendants were served by mail on July 22, 2011, as permitted by Cal. Code Civ. P. §415.40 in the case of out-of-state defendants.  Pursuant to that section, such service was deemed complete 10 days later, on August 1, 2011.  Plaintiff's contention that the remaining defendants were served at an earlier time rests on a misapplication of Cal. Code Civ. P. §415.40, which permits service by mail on either in-state or out of state defendants if accompanied by a document in a form specified in the statute and colloquially known as "Notice and Acknowledgement of Receipt."  See Judicial Council of California Form POS-015 (Rev. January 1, 2005). The return receipts provided by the postal service on which plaintiff relies do not satisfy the requirements of this section, and its timing provisions are therefore inapplicable.

5. Even assuming service on the remaining defendants was effective as early as July 25, 2011, as contended by plaintiff, their joinders in the removal, filed on August 24, 2011 were timely.

6. Plaintiff further contends in the alternative that remand is proper, as a matter of discretion, under 28 U.S.C. §1441 on grounds that state law claims "predominate" in this action. The provision on which plaintiff relies, however, applies only where a removable "separate and independent claim or cause of action" has been joined in an action with other claims that would otherwise not be removable. *See* 28 U.S.C. §1441(c). Plaintiff has not shown that the federal claim he has alleged here is "separate and independent" within the meaning of this provision, such that discretionary remand would be available.

Accordingly, plaintiff's motion for remand is denied. The parties are advised, however, that in the event it appears proper to dismiss the federal claim at the pleading stage, remand of the state law claims may then be ordered. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Defendants' previously filed motions to dismiss are hereby reset for hearing on December 29, 2011 at 1:30 p.m. Any opposition briefs shall be filed no later than December 8, 2011. Any reply briefs shall be filed no later than December 15, 2011.

IT IS SO ORDERED.

Dated: 11/14/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE